UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ATLAS TRADING CONGLOMERATE INC. f/k/a DOLLAR PHONE ACCESS, INC., § § § § Plaintiff, § § v. § § AT&T INC., et. al, § § Defendants. § _____ § § SOUTHWESTERN BELL § TELEPHONE COMPANY, et al., § § Plaintiffs, § § v. § § ATLAS TRADING CONGLOMERATE INC. f/k/a § DOLLAR PHONE ACCESS, INC., § § Defendant. § | | Consolidated Action No. 3:15-CV-0404-K |

## MEMORANDUM OPINION AND ORDER

On February 7, 2018 the Court held a contempt hearing as recommended by Judge Stickney in his Findings, Conclusions and Recommendations entered August 9, 2017. *See* Mag. J. F. & R. (Doc. No. 328). After hearing from the parties and individuals ordered to appear and carefully considering the law, the Court finds Atlas and its officers and representatives have demonstrated a pattern of violating the

1

Court's orders. Thus, the Court (1) holds Atlas Trading Conglomerate, Inc. ("Atlas"), Edward N. Gewirtz, Aaron Schulman, Moses Greenfield, Christopher Zambito, Asher Gluck, Rachel Klein, and Jennifer Del Cielo **in contempt and finds these individuals joint and severally liable for $100,000**, but this fine shall be suspended until further order of the Court; (2) **GRANTS** the motions to withdraw as to Neil Ende, Susan Colman, John Price, Gwen Bhella, and Rob Bogdanowicz; (3) **REVOKES** Edward N. Gewirtz's admission *pro hac vice* to the Northern District Court of Texas; (4) and **ORDERS** Atlas to acquire local counsel **no later than March 9, 2018**, as stated in the hearing and in accordance with Local Rule 83.10.

I. Background

This case arose from a dispute between Atlas and a group of local telephone companies, BellSouth Telecommunications LLC, Illinois Bell Telephone Company, Indiana Bell Telephone Company Inc., Michigan Bell Telephone Company, Nevada Bell Telephone Company, Pacific Bell Telephone Company, Southwestern Bell Telephone Company, the Ohio Bell Telephone Company, the Southern New England Telephone Company, Wisconsin Bell Inc., AT&T Inc., and AT&T Services Inc. (collectively "AT&T ILECs"). Atlas, a prepaid calling card service, used AT&T ILECs' services to help connect long distance calls using Direct Inward Dialing ("DID"), which incurred originating switched access charges. Atlas failed to pay these monthly switched access charges to AT&T ILECs. Atlas and AT&T ILECs entered a settlement agreement to repay the charges, but Atlas failed to pay under the terms of

the settlement agreement. This lawsuit resulted from that failure to comply with the settlement agreement. On October 5, 2016, this Court entered an opinion on AT&T ILECs' motion for summary judgment finding Atlas breached the enforceable settlement agreement and AT&T ILECs was entitled to $885,108.17, which continues to accrue interest pursuant to the settlement agreement. *Atlas Trading Conglomerate Inc. v. AT&T Inc.*, Civ. Action No. 3:15-CV-0404-K, 2016 WL 5870857, *6 (N.D. Tex. Oct. 5, 2016) (Kinkeade, J.)The Court also granted a permanent injunction against Atlas for future payments under the terms of the confidential settlement agreement. *Id*. at *7.

Atlas has repeatedly failed to comply with the Court's injunction. In December 2016, AT&T ILECs filed a motion for contempt for failure to pay bills in an attempt to get Atlas to pay the seven bills AT&T ILECs sent Atlas pursuant to the Court's injunction. Even after receiving notice of the unpaid bills by way of AT&T ILECs' motion for contempt, Atlas still did not pay the bills as required by the Court's order. After the hearing on the motion for contempt, Judge Stickney found Atlas "'clearly violated' the permanent injunction" and held Atlas in contempt. *See* Mag. J. F. & R. at 10 (Doc. No. 328). Pursuant to Judge Stickney's recommendation, this Court ordered Atlas and its corporate officers and representatives to appear for a hearing to determine if they too should be held personally liable for Atlas' violation of the Court's order.

As ordered by the Court, all counsel who had entered an appearance before the Court for Atlas attended the hearing, including Edward N. Gewirtz, John Price, Gwen Bhella, Rob Bogdanowicz, Neil Ende, and Susan Colman. Current and past corporate representatives of Atlas also attended the hearing as ordered, including Aaron Schulman, Moses Greenfield, Christopher Zambito, Asher Gluck, Rachel Klein, and Jennifer Del Cielo. Each individual had the opportunity to defend themselves as to the contempt.

## II. Motion for Contempt

Federal courts have the power to punish for contempt to protect the court's authority and ensure justice is carried out. *Hornbeck Offshore Servs. L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013). Due process requires that the individual charged with contempt receive adequate notice of the charge so that the individual will "have a reasonable opportunity to meet [the contempt charge] by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses." *Waste Mgmt. of Wash., Inc. v. Kattler*, 776 F.3d 336, 339–40 (5th Cir. 2015).

A party may be held in civil contempt when it is established by clear and convincing evidence "(1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Lyn-Lea Travel Corp. v. Amer. Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002). A party has established something by clear and convincing evidence when

4

it "produces in the mind of the trier of fact a firm belief…so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction without hesitancy, of the truth of precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004). To be held in contempt for violating an injunction, the individual must have received actual notice of the injunction and be (1) a party, (2) a party's officers, agents, servants, employees, or attorneys; or (3) "other persons who are in active concert or participation with" a party or a party's agents. FED. R. CIV. P. 65(d)(2); *see Whitcraft v. Brown*, 570 F.3d 268, 272 (5th Cir. 2009). The individual charged with contempt need not have acted or failed to act willfully so long as the individual "actually failed to comply with the court's order." *Am. Airlines, Inc. v. Army & Air Force Exch. Serv.*, 376 F.3d 574, 581 (5th Cir. 2000). "Good faith is irrelevant as a defense to a civil contempt order." *Waffenshmidt v. MacKay*, 763 F.3d 711, 726 (5th Cir. 1985).

This Court properly finds by clear and convincing evidence that Atlas and its officers are in contempt for violating the Court's injunction. In *Atlas Trading Conglomerate Inc. v. AT&T Inc.*, the Court entered a judgment against Atlas for $885,108.17 plus court costs and attorneys' fees and entered a permanent injunction against Atlas requiring Atlas "to make future payments under the confidential settlement agreement." *Atlas Trading*, 2016 WL 5870857 at *7. After the injunction was in place, AT&T ILECs sent multiple bills to Atlas. Atlas did not pay any of these bills as the injunction required. Atlas has attempted to argue it did not receive these

5

bills despite the bills being mailed to the same address that received over 150 bills from AT&T ILECs before the injunction was entered. Alternatively, Atlas argued it was not required to pay for the use of the DIDs as ordered by the Court because Atlas had transferred the DIDs to Dollar Phone Services, a separate entity under the same corporate parent, in exchange for forgiveness of debt. Judge Stickney found Atlas failed to overcome the presumption that Atlas received these bills in the mail. *See* FCR 8-9. This Court similarly finds Atlas' argument without merit and unpersuasive. By failing to pay the monthly bills as required by the Court's injunction, Atlas clearly violated the Court's order. Thus, the Court holds Atlas in contempt for violating a court order. *See Lyn-Lea Travel Corp.*, 283 F.3d at 291.

Atlas' corporate officers, agents, and lead counsel Edward Gewirtz are also held in contempt for violating the Court's injunction. A corporation's officers and representatives can be held in contempt for "failure to cause their corporation…to comply with a court's order." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 53 F. Supp.2d 909, 941 (N.D. Tex. 1999); *see* FED. R. CIV. PRO. 65(d)(2). The following are corporate officers and representatives of Atlas: Moses Greenfield, president of Atlas' corporate parent; Aaron Schulman, formerly a consultant and current Chief Restructuring Officer; Christopher Zambito, former Vice President of Atlas; Asher Gluck, President of Atlas when it was known as Dollar Phone Access; Rachel Klein, former secretary for Atlas; and Jennifer Del Cielo, former secretary for Atlas. Atlas and its officers violated the court's injunction by failing to make required monthly

payments to AT&T ILECs as required under the order. *See Atlas Trading*, 2016 WL 5870857 at *7. Atlas' officers and agents had actual notice of the injunction. Thus, the Court holds Atlas and its officers in contempt, including, Aaron Schulman, Moses Greenfield, Christopher Zambito, Asher Gluck, Rachel Klein, Jennifer Del Cielo, and Edward Gewirtz. *See Am. Airlines, Inc.*, 53 F. Supp.2d at 941*; see also Lyn-Lea Travel Corp.*, 283 F.3d at 291.

When parties "join together to evade a judgment, they become jointly and severally liable for the amount of damages resulting from the contumacious conduct." *N.L.R.B. v. Laborers' Int'l Union of N. Am. AFL-CIO*, 882 F.2d 949, 955 (5th Cir. 1989). The purpose of civil contempt is "(1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions." *Lyn-Lea Travel Corp.*, 283 F.3d at 290–91. Imposing a fine is civil contempt when the fine is remedial in nature and paid to the complainant. 485 U.S. 624, 632. The Court holds Atlas and its officers and agents in civil contempt because the fine shall be paid to the complainant, AT&T ILECs, only if Atlas continues to ignore the Court's injunction and fails to make the required payments to AT&T ILECs. *See id*. (The Supreme Court found a fine paid to the court can also be remedial when the party held in contempt can avoid paying the fine by performing as required by the court's order). Having found Atlas, its officers, its representatives, and its lead counsel in civil contempt, the Court holds Atlas, Aaron Schulman, Moses Greenfield, Christopher Zambito, Asher Gluck, Rachel Klein, Jennifer Del Cielo, and Edward

7

Gewirtz **jointly and severally liable for $100,000** to be paid upon further order of the Court if Atlas fails to comply with the Court's injunction. *See id.* Having found Edward Gewirtz in contempt, the Court also **REVOKES** Edward Gewirtz's admission *pro hac vice*.

III.   Motions to Withdraw

During the course of the hearing five attorneys representing Atlas entered motions to withdraw as counsel, including local counsel John Price. Because John Price has moved to North Carolina, he can no longer act as local counsel in compliance with Local Rule 83.10. Neil Ende and Susan Colman informed the Court their relationship with Atlas ended in March of 2016. After careful consideration, the Court **GRANTS** the motions to withdraw as counsel as to John Price, Gwen Bhella, Robert Bogdanowicz, Neil Ende, and Susan Colman.

This leaves Atlas without representation in this matter, local counsel or otherwise. It is well-settled law that a corporation cannot appear *pro se* but must be represented by a licensed attorney. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Thus, Atlas must acquire counsel to represent it. Because Atlas must have local counsel as required by Local Rule 83.10, the Court **ORDERS** Atlas to hire a local attorney **no later than March 30, 2018.** If Atlas fails to comply, the Court will dismiss Atlas' pleadings.

## IV. Attorneys' Fees

After Judge Stickney found Atlas in contempt and awarded AT&T ILECs attorneys' fees, AT&T ILECs filed submission in support of attorneys' fees and costs incurred showing its attorneys' fees for the motion for contempt as of November 14, 2017. Atlas did not object to AT&T ILECs' submission in support of attorneys' fees and stated at the contempt hearing before the Court that it did not disagree with the attorneys' fees for the motion for contempt. AT&T ILECs stated it incurred $45,364.45 in attorneys' fees and $815.34 in costs, for a total amount of $46,179.79.

Once the court has determined the party is entitled to attorneys fees, the lodestar method determines the reasonableness of attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Under the loadstar method, "the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys, and then multiply the two figures together to arrive at the 'lodestar.'" *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). To facilitate this determination, the fee request submitted to the court should include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). The party seeking a fee award bears the burden of showing the reasonableness of the hours billed. *Saizan v. Delta Concrete*

*Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (citing *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002)).

AT&T ILECs billed a total of 106.7 hours for the motion for contempt, which includes the hearing before Judge Stickney. The billing method clearly lays out the specific tasks performed for each entry. Judge Stickney previously found AT&T ILECs' attorneys' hourly rates were reasonable under the loadstar method and these rates have not changed. AT&T ILECs' attorneys' hourly fees are as follows: Michael Sullivan charges $468.22, Robert Entwisle charges $417.55, and Michael Morrill charges $328.38. The paralegal charges $125 per hour. These rates and the hours expended are reasonable given the contentiousness of this motion for contempt. Because Atlas does not object to AT&T ILECs' attorneys' fees and because the Court finds the fees reasonable given the amount of time and hourly rate for this motion for contempt, the Court **AWARDS** AT&T ILECs' attorneys' fees and court costs in the amount of $46,179.79.

V.  **Contempt of Non-Parties**

In its motion for contempt and at the contempt hearing before Judge Stickney, AT&T ILECs moved for a contempt finding against PinMonster, Dollar Phone Enterprise, and Dollar Phone Services, Inc. In his Findings, Conclusions, and Recommendations, Judge Stickney concluded AT&T ILECs did not establish by clear and convincing evidence that PinMonster, Dollar Phone Enterprise, and Dollar Phone Services, Inc. should be held in contempt of court. *See* Mag. J. F. & R. at 11

(Doc. No. 328). In the contempt hearing before this Court, AT&T ILECs orally moved to also hold Dollar Phone Services, Inc. liable for the contempt sanction, attorneys' fees, and monthly payments under the injunction.

The Court has carefully considered the applicable law, Judge Stickney's Findings, Conclusions, and Recommendation entered on August 8, 2017, the relevant record, and the parties' briefs. The Court notes the circumstances surrounding the operations of Atlas and its affiliates are suspicious at best. Atlas has muddied the water as to which affiliate company does what—Dollar Phone Access, Inc., became Atlas Trading Conglomerate, Inc.; Dollar Phone Services, Inc. allegedly paid for Atlas' attorney's fees; Atlas allegedly transferred DIDs to Dollar Phone Services, Inc. Only after the hearing before Judge Stickney did AT&T ILECs learn Atlas allegedly transferred the DIDs to Dollar Phone Services, Inc. months before this Court entered the injunction regarding the DIDs. Even as recently as the contempt hearing before this Court, Atlas was directly asked if Dollar Phone Services, Inc. was a separate entity from Atlas to which Atlas stated the two are separate entities but failed to put forth evidence of this. To date nothing has been filed showing the veracity of Atlas' statement that the two entities are separate companies.

Despite the questionable arrangement of these entities, the Court **DENIES** the contempt motion as to PinMonster, Inc., Dollar Phone Enterprises, and Dollar Phone Services, Inc., not having heard evidence to support a contempt finding as to these non-parties. *See Whitcraft*, 570 F.3d at 272.

## VI. Conclusion

Because Atlas, its officers, and representatives, violated the Court's injunction by failing to make the required monthly payments to AT&T ILECs, the Court holds Atlas Trading Conglomerate, Inc., Aaron Schulman, Moses Greenfield, Christopher Zambito, Asher Gluck, Rachel Klein, Jennifer Del Cielo, and Edward Gewirtz **jointly and severally liable for $100,000** but suspends payment of this fine so long as Atlas complies with the Court's injunction. The Court **GRANTS** the motions to withdraw filed by John Price, Gwen Bhella, Robert Bogdanowicz, Neil Ende, and Susan Colman. The Court **REVOKES** Edward Gewirtz's admission *pro hac vice* and **ORDERS** Atlas to hire local counsel **no later than March 9, 2018** as stated in the hearing. The Court **AWARDS** AT&T ILECs' attorneys' fees and costs in the amount of $46,179.79.

**SO ORDERED.**

Signed February 28th, 2018.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE